Jacob Markowitz, J.
This is an article 78 proceeding brought by petitioners (landlords) to review the action of the respondent, State Rent Administrator, which denied their application for decontrol of eight apartments in petitioners ’ building.
The building, during the period from 1943 to 1954 (1954 being the date when petitioners made the alterations claimed) consisted of furnished rooms and some furnished apartments. On the ground floor were two furnished rooms and on each of the second, third and fourth floors were three furnished rooms, separately rented. None of these rooms was a so-called self-contained unit. None had its own bathroom. Most were without private kitchen facilities. On each floor there was a furnished one-room unit with kitchen and bath. A comprehensive study of the papers submitted on this application, together with the exhibits and the record of the proceedings had before respondent commission, convinces me that the position taken by respondent, in respect of petitioners ’ claim, is without merit and is untenable. It appears from the record presented that petitioners’ application for decontrol was based upon a conversion of the premises upon which petitioners had expended almost $30,000; that by the conversion petitioners had thereby created eight self-contained apartments where before there had been eleven furnished rooms and four self-contained apartments; that the description “self-contained” as defined by the rent law applies here as each apartment has within its confines its own private bathroom, its own private kitchen, its own private living quarters and its own private entrance to the public hall; and each apartment is unfurnished. It further appears that prior to the alterations and conversion an architect had prepared the plans therefor which had been approved by the Department of Housing and Buildings showing those eight apartments, and that upon completion of the work the said department issued a certificate of occupancy for eight self-contained units. Notwithstanding all of the foregoing, the Local Rent Administrator denied decontrol and respondent denied petitioners’ protest. It is respondent’s claim that the alterations did not thereby increase the number of apartments but that the conversion merely improved the quality of the eight apartments which always existed and that petitioners did not create new additional housing accommodations contemplated by section 11 of the State Rent and Eviction Regulations. *670 Section 2 (subd. 2, par. [g], cl. [2]) of the State Residential Rent Law (L. 1946, ch. 274, as amd.) provides as follows: “ (2) * * * additional housing accommodations created by
conversion on or after February first, nineteen hundred forty-seven ; provided, however, any housing accommodations created as a result of any conversion of housing accommodations on or after May first, nineteen hundred fifty, shall continue to be subject to rent control as provided for herein unless the commission issues an order decontrolling them which it shall do if there has been a structural change involving substantial alterations or remodeling; and such change has resulted in additional housing accommodations consisting of self-contained family units as defined by regulations issued by the commission ”. (Italics added.)
Section 11 of the State Rent and Eviction Regulations provides as follows: “ Conversions after May 1, 1950. 1. Any housing accommodations resulting from conversion of housing accommodations created on or after May 1, 1950 shall continue to be subject to rent control unless the Administrator issues an order decontrolling them which he shall do if there has been a structural change in a residential unit or units involving substantial alterations or remodeling; and such change has resulted in additional housing accommodations consisting of self-contained family units, provided, however, that such order of decontrol shall not apply to that portion of the original housing accommodations occupied by a tenant in possession at the time of conversion, only so long as such tenant continues in occupancy. ’ ’
I am persuaded upon the record presented that the construction placed by respondent upon the situation presented. is decidedly narrow and circumscribed. It is evident that petitioners did comply in every respect with the requirements of section 11. The plans were approved for the alterations and conversion and a certificate of occupancy therefor was issued; the alterations were substantial in nature involving structural and interior changes at a cost of almost $30,000; additional self-contained housing accommodations consisting of self-contained family units were provided. It is immaterial that the space accommodated one family before and one family now, as contended by respondent. The fact is, and the test is, that the alteration was substantial and structural and created from 4 small self-contained units and 11 nonfamily units 8 new self-contained family units within the language and contemplation of section 11.
*671 Accordingly, I am of the opinion that the determination of respondent was unreasonable, arbitrary and capricious in the circumstances here presented. The determination is revoked and respondent directed to issue the order of decontrol requested.
Settle order.